MEMORANDUM *
Barnard appeals from the district court’s dismissal of his civil rights action for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
Individuals who bring an action after them release from custody are not required by the PLRA to exhaust administrative remedies. Talamantes v. Leyva, 575 F.3d 1021 (9th Cir.2009). Because Barnard filed this action after his release from custody, he was not required to exhaust administrative remedies. We there *339 fore remand this action to the district court to evaluate its merits. ■
Because Barnard, as a former prisoner, was not required to exhaust administrative remedies, we need not decide the other issues Barnard raised on appeal, including whether he was required to exhaust administrative remedies concerning his pre-arrest excessive force claim, whether defendants failed to meet a burden of proving exhaustion, and whether the district court erred in dismissing the case without holding a hearing.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.